# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): 22-570        Caption [use short title]

Motion for: dismissal of appeal

_____

_____

Set forth below precise, complete statement of relief sought:

Appellees move to dismiss this appeal as moot

_____     Marciano v. Adams

_____

_____

_____

_____

_____

MOVING PARTY: City of New York et al.     OPPOSING PARTY: Anthony Marciano

☐ Plaintiff     ☐ Defendant

☐ Appellant/Petitioner     ☑ Appellee/Respondent

MOVING ATTORNEY: Jesse A. Townsend     OPPOSING ATTORNEY: Patricia Finn

[name of attorney, with firm, address, phone number and e-mail]

New York City Law Department     Patricia Finn Attorney P.C.

100 Church Street, New York, NY 10007     58 East Route 59, Suite 4, 58 East Route 59, Suite 4

(212) 356-2067, jtownsen@law.nyc.gov     (845) 398-0521, patriciafinnattorney@gmail.com

Court- Judge/ Agency appealed from: US District Court for the Southern District of New York (Rakoff, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

_____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

_____

_____

_____

Is oral argument on motion requested? ☑ Yes ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☑ Yes ☐ No If yes, enter date: April 27, 2023

**Signature of Moving Attorney:**

/s/ Jesse A. Townsend    Date: 3/15/2023    Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

# 22-570

## United States Court of Appeals
## for the Second Circuit

ANTHONY MARCIANO,

*Plaintiff-Appellant,*

*against*

ERIC ADAMS, Mayor of the City of New York, in his
official Capacity; ASHWIN VASAN, Commissioner of
Health and Mental Hygiene, in his official capacity;
KEECHANT SEWELL, Police Commissioner, in her official
capacity; THE NEW YORK CITY BOARD OF HEALTH; and
THE CITY OF NEW YORK,

*Defendants-Appellees.*
.

On Appeal from the United States District Court
for the Southern District of New York

## MEMORANDUM OF LAW IN SUPPORT OF
## APPELLEES' MOTION TO DISMISS THE APPEAL

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel
of the City of New York*
Attorney for Appellees
100 Church Street
New York, New York 10007
212-356-or -2502
jtownsen@law.nyc.gov

RICHARD DEARING
CLAUDE S. PLATTON
JESSE A. TOWNSEND
 *of Counsel*

March 16, 2023

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES................................................................ii

PRELIMINARY STATEMENT.............................................................1

OVERVIEW OF THE CASE ..............................................................3

ARGUMENT ..............................................................................8

POINT I ...................................................................................8

    MARCIANO'S APPEAL IS MOOT FOR TWO
    INDEPENDENT REASONS.........................................................8

    A.  ████████████████████████████████. .....................8

    B.  The repeal of the vaccination requirement also moots
        Marciano's appeal. ..................................................16

POINT II....................................................................................20

    ████████████████████████████████ .................20

CONCLUSION ..............................................................................23

CERTIFICATE OF COMPLIANCE.......................................................24

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Allen v. O'Neill*,
  2021 U.S. Dist. LEXIS 177171 (D. Conn. Sep. 17, 2021) ................... 21

*Boston Bit Labs, Inc. v. Baker*,
  11 F.4th 3 (1st Cir. 2021) ...................................................... 17, 18, 19

*Brach v. Newsom*,
  38 F.4th 6 (9th Cir. 2022) ........................................................ 17, 18

*California v. Texas*,
  141 S. Ct. 2104 (2021) ..................................................................... 10

*Matter of Clarke v. Bd. of Educ. of City Sch. Dist. of N.Y.*,
  2023 N.Y. App. Div. LEXIS 947 (1st Dep't 2023) .............................. 14

*Cnty. of Suffolk v. Sebelius*,
  605 F.3d 135 (2d Cir. 2010) ................................................................. 8

*Dark Storm Indus., LLC v. Hochul*,
  2021 U.S. App. LEXIS 29863 (2d Cir. Oct. 5, 2021) ................... 19, 20

*De Vargas v. United States*,
  401 F. Supp. 3d 346 (E.D.N.Y. 2018) ................................................. 21

*Dennin v. Conn. Interscholastic Athletic Conf.*,
  94 F.3d 96 (2d Cir. 1996) ...................................................................... 8

*Doe v. Marsh*,
  1997 U.S. App. LEXIS 5065 (2d Cir. Mar. 17, 1997) ........................ 22

*E.I. Dupont De Nemours & Co. v. Invista B.V. & Invista
  S.A.R.L.*,
  473 F.3d 44 (2d Cir. 2006) ................................................................. 17

# TABLE OF AUTHORITIES (cont'd)

Page(s)

*Exxon Mobil Corp. v. Healey*,
    28 F.4th 383 (2d Cir. 2022)........................................ 13, 16

*Floyd v. SunTrust Banks, Inc.*,
    878 F. Supp. 2d 1316 (N.D. Ga. 2012) ................................ 22

*Genesis HealthCare Corp. v. Symczyk*,
    569 U.S. 66 (2013) .......................................................... 11, 12

*Hawse v. Page*,
    7 F.4th 685 (8th Cir. 2021) ................................................ 18

*Jaffee v. Redmond*,
    518 U.S. 1 (1996)................................................................... 9

*Kane v. de Blasio*,
    22-1876 (2d Cir., Nov. 23, 2022) ....................................... 14

*Kingdomware Techs., Inc., v. United States*,
    579 U.S. 162 (2016) ............................................................ 13

*Knaust v. City of Kingston*,
    157 F.3d 86 (2d Cir. 1998) ................................................. 13

*Lewis v. Cont'l Bank Corp.*,
    494 U.S. 472 (1990).............................................................. 9

*Lighthouse Fellowship Church v. Northam*,
    20 F.4th 157 (4th Cir. 2021) .............................................. 18

*Murphy v. Hunt*,
    455 U.S. 478 (1982).............................................................. 16

*N.J. Carpenters Health Fund v. Novastar Mortg., Inc.*,
    753 Fed. App'x 16 (2d Cir. 2018) ..................................... 15

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.*,
    140 S. Ct. 1525 (2020) ........................................................ 17

*New Yorkers for Religious Liberty, Inc. v. City of N.Y.*,
    22-1801 (2d Cir., Nov. 21, 2022) ...................................... 14

*In re NHL Players' Concussion Injury Litig.*,
    120 F. Supp. 3d 942 (D. Minn. 2015) ............................... 22

*In re O'Reilly v. Bd. of Educ. of City Sch. Dist. of N.Y.*,
    2023 N.Y. App. Div. LEXIS 953 (1st Dep't 2023) ........... 13

*Reale v. Lamont*,
    2022 U.S. App. LEXIS 1607 (2d Cir. 2022) ...................... 19

*S. Jackson & Son v. Coffee, Sugar & Cocoa Exch.*,
    24 F.3d 427 (2d Cir. 1994) ................................................ 10

*United States Parole Comm'n v. Geraghty*,
    445 U.S. 388 (1980) ............................................................ 12

*United States v. 31-33 York Street*,
    930 F.2d 139 (2d Cir. 1991) ................................................ 9

*United States v. Amodeo*,
    44 F.3d 141 (2d Cir. 1995) ................................................ 20

*United States v. Sanchez-Gomez*,
    138 S. Ct. 1532 (2018) ................................................ 11, 12

*Von Bulow v. Von Bulow*,
    811 F.2d 136 (2d Cir. 1987) ................................................ 9

*Weinstein v. Bradford*,
    423 U.S. 147 (1975) ............................................................ 12

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

**Statutes and Rules**

42 U.S.C. § 12112(d) ...................................................................21

Pub. Law 104-191 .......................................................................21

N.Y. Public Health Law § 2183 ...........................................9, 20

45 CFR § 160.103 .......................................................................21

Fed. R. Evid. 501 ....................................................................9, 20

**Other Authorities**

Health & Hum. Servs., *Employers and Health Information in the Workplace*, https://perma.cc/VXM5-ZK8Q (captured Oct. 4, 2022) ...........................................................................21

15 *Moore's Federal Practice - Civil* § 101.99[2][a] (2022) .......18

*Tracking Coronavirus in New York City: Latest Map and Case Count*, N.Y. Times (updated Mar. 15, 2023)..........7, 19

# PRELIMINARY STATEMENT

Plaintiff Anthony Marciano, an NYPD detective, challenges the City's now-discontinued requirement that its employees (other than those that have received an exemption on religious or medical grounds) submit evidence of vaccination against COVID-19. Marciano asserts that the requirement violated New York separation-of-powers and preemption doctrines and his federal due process rights. Marciano refused to comply with the requirement while he sought preliminary injunctive relief in the district court, in this Court, and in the Supreme Court. ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ Then, five months later, the City repealed the requirement due to improving COVID-19 numbers.

Marciano's appeal of the dismissal of his case is fully briefed and set for oral argument on April 27. But both ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ and the City's change in policy moot this appeal, and indeed his case, and thus deprive this Court of jurisdiction. Marciano's complaint sought injunctive and declaratory relief to avoid the

vaccination requirement; ███████████████████████████████
███████████████████████████████████████. And now that the
requirement has been repealed, there is nothing for this Court to enjoin.
None of the exceptions to mootness that Marciano invoked previously
justifies continuing this case in the absence of a live controversy.

Although the Court granted the City permission to file this motion
under seal, there is no need to keep under seal the fact ███████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████████████

## OVERVIEW OF THE CASE

As explained in the City's merits brief (*see* Br. for Appellees 7-11, 2d Cir. ECF No. 120), in October 2021 the City's Health Commissioner issued an order requiring city employees to submit proof of receipt of at least one dose of an FDA-approved or -authorized COVID-19 vaccine by the end of the month, unless they were exempt under existing law (Appendix ("A") 81-82, ECF Nos. 98-99). Non-exempt employees who failed to submit the required proof would be placed on leave without pay and eventually be subject to termination (A220-28). Although numerous litigants challenged the requirement, it and similar requirements have been upheld by multiple courts (Br. for Appellees 9-11).

Marciano, an NYPD detective, brought this action in New York state court asserting challenges under state law and the U.S. Constitution (*see* A21-77) to the Health Commissioner's order (*see* A79-83). Marciano alleged that he has "natural immunity" against COVID-19 "without being vaccinated" and that he was "at no more of a risk (probably less) for contracting or spreading COVID than a vaccinated person" (A42). For each of Marciano's claims, he sought a permanent injunction against the enforcement of the vaccination requirement and a

declaration that the requirement is null and void, and attorney's fees and costs (A75-77). Marciano did not seek damages (*id.*). Although Marciano's petition is captioned "on behalf of all other individuals similarly situated" (A21), it contained no class allegations or any indication that Marciano intended to move for class certification (*see* A21-77).

Marciano initially obtained a temporary restraining order from a state court judge before the City answered his petition (A168). But after the City removed the case to the U.S. District Court for the Southern District of New York, the federal court vacated the restraining order (A277, A248-49). The district court later denied a renewed motion for a restraining order and dismissed the case for failure to state a claim (*see* Special Appendix ("SPA") 4, 15-42, 2d Cir. ECF No. 101).

After noticing an appeal, Marciano moved in this Court for a stay of or injunction against the vaccination requirement pending appeal (Mot. for Emergency Inj. Pending Appeal, 2d Cir. ECF No. 35). The City opposed (Mem. in Opp'n to Mot. for Inj. Pending Appeal, 2d Cir. ECF No. 57). This Court denied the request for an injunction on the ground that Marciano had failed to meet the standards for such relief (Aug. 2, 2022 Mot. Order, 2d Cir. ECF No. 117). Marciano then submitted an

emergency request for an injunction to Justice Sotomayor, who denied it (*see* Aug. 29, 2022 Dkt. Entry, U.S. No. 22178). Marciano then resubmitted his application to Justice Thomas, who referred the application to the full Court without further action (*see* Sept. 14, 2022 Dkt. Entry, U.S. No. 22178). The full Court denied Marciano's request for an emergency injunction on October 11, 2022 (*see* Oct. 11, 2022 Dkt. Entry, U.S. No. 22178).

Because Marciano timely applied for an exemption from the vaccination requirement based on religious beliefs, and then administratively appealed the initial denial of that request, he remained on duty with pay without submitting proof of vaccination throughout the pendency of this action in New York state court and in the district court below (*see, e.g.*, SPA2). But because his administrative appeal was denied at the end of August 2022, Marciano faced a mid-September deadline to submit proof of vaccination or be placed on leave without pay (*see* Sept. 1, 2022 Ltr., U.S. No. 22A178).

On September 15, 2022, the day after he resubmitted his emergency application for an injunction to Justice Thomas, █████████████████
███████████████████████████████████████████████████

████████████ ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████ ██ ██

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████

██████████████ ███████████████████████████████████████

█████████████████ the City moved this Court, after filing its appellees'

brief (*see* 2d Cir. ECF No. 120), for leave to file a motion to dismiss

Marciano's appeal initially under seal (Mot. for Leave to File Mot. to

Dismiss Appeal under Seal, 2d Cir. ECF No. 121). After Marciano

opposed and the City replied in support of the motion (*see* 2d Cir. ECF

Nos. 146 & 148), a judge of this Court granted leave to file the motion to

dismiss conditionally under seal and specified that the merits panel

would consider whether to dismiss the appeal and whether the

information would remain sealed (Nov. 8, 2022 Order, 2d Cir. ECF No.

152).

As this action has progressed, the shape of the COVID-19 threat has changed. While case and hospitalization rates have fluctuated over time, they have declined from the alarming levels of late 2021 and early 2022. *See Tracking Coronavirus in New York City: Latest Map and Case Count*, N.Y. Times (updated Mar. 15, 2023). And the rate of deaths from COVID-19 in the City has declined over the past year as well. *Id.*

The City's decision-makers have recognized and responded to the changing nature of the threat of COVID-19. On February 9, 2023, the City's Board of Health repealed the provisions of the Health's Commissioner's order specifying that city employees who had not submitted evidence of vaccination would be excluded from their workplaces (*see* Decl. of Jesse A. Townsend in Supp. of Mot. to Dismiss Appeal Ex. A at 2). It did so because, by February 2023, "96% of all City employees," and 90% of adult residents of the City, had completed the required series of vaccination against COVID-19 (*id.* at 1). The Board of Health recognized that "high vaccination rates correlate with lower rates of hospitalization and death" and that the City's high vaccination rate had "proven effective in lessening the burden of COVID-19 on the City's healthcare system" (*id.*).

## ARGUMENT

## POINT I

## MARCIANO'S APPEAL IS MOOT FOR TWO INDEPENDENT REASONS

The Constitution limits the subject matter jurisdiction of the federal courts to disputes involving "live cases and controversies." *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (cleaned up).[1] When "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," the "appeal becomes moot" and must be dismissed. *Dennin v. Conn. Interscholastic Athletic Conf.*, 94 F.3d 96, 100 (2d Cir. 1996) (cleaned up). Marciano's appeal is now doubly moot, and no exception to mootness applies.

**A.** ██████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

---

[1] This memorandum uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations.









12



13







**B. The repeal of the vaccination requirement also moots Marciano's appeal.**

Separately, the Board of Health's repeal of the vaccination requirement for City workers (*see* Decl. of Jesse A. Townsend in Supp. of Mot. to Dismiss Appeal Ex. A) also moots Marciano's case, which was focused entirely on injunctive and declaratory relief. "Put simply, the Court cannot enjoin what no longer exists." *Healey*, 28 F.4th at 393; *see,*

*e.g.*, *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.*, 140 S. Ct. 1525, 1526 (2020) (per curiam) (holding that plaintiffs' claims challenging a rule became moot once defendant issued a new rule that gave plaintiffs "the precise relief" that their complaint sought); *see also Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022) (when "there is no longer any state order for the court to declare unconstitutional or to enjoin," then "[i]t could not be clearer that this case is moot"); *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 9 (1st Cir. 2021) ("with the offending … order wiped away, there is nothing harming" the plaintiff).

The voluntary-cessation exception to mootness does not save Marciano's moot claims. That "doctrine aims to eliminate the incentive for a defendant to strategically alter its conduct in order to prevent or undo a ruling adverse to its interest." *E.I. Dupont De Nemours & Co. v. Invista B.V. & Invista S.A.R.L.*, 473 F.3d 44, 47 (2d Cir. 2006); *see also Boston Bit Labs, Inc*, 11 F.4th at 10 (noting that the doctrine "exists to stop a scheming defendant from trying to immunize itself from suit indefinitely by unilaterally changing its behavior … and then backsliding" (cleaned up)). Accordingly, the doctrine "does not apply when the voluntary cessation of the challenged activity occurs because of

reasons unrelated to the litigation." 15 *Moore's Federal Practice - Civil* § 101.99[2][a] (2022) (collecting cases).

In the COVID-19 context, courts across the country have declined to apply the voluntary-cessation doctrine where the government has shifted its stance in response to changed circumstances, rather than as a litigation gambit. *See, e.g.*, *Brach*, 38 F.4th at 12-15; *Boston Bit Labs*, 11 F.4th at 9-12; *Hawse v. Page*, 7 F.4th 685, 692 (8th Cir. 2021); *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 162-64 (4th Cir. 2021).

A change in law in response to changed circumstances is exactly what happened here. In repealing the requirement that city workers submit evidence of vaccination, the Board of Health noted the high rate of vaccination among both city workers and the City's adult population, which correlates to "lower rates of hospitalization and death," and that this high rate of vaccination had "proven effective in lessening the burden of COVID-19 on the City's healthcare system" Decl. of Jesse A. Townsend in Supp. of Mot. to Dismiss Appeal Ex. A at 1). And on the other hand, the vaccination requirement remained in effect for more than a year after Marciano and other plaintiffs began challenging it and the City lifted the requirement well after the district court dismissed the complaint here.

This timeline shows that the mandate's discontinuance was "not to avoid a court judgment, but in response to the progress made in battling the pandemic." *Boston Bit Labs*, 11 F.4th at 10.

In any case, even if the voluntary-cessation doctrine did apply here, the City has demonstrated that "there is no reasonable expectation that the alleged violation will recur." *Dark Storm Indus., LLC v. Hochul*, 20-2725, 2021 U.S. App. LEXIS 29863, at *2 (2d Cir. Oct. 5, 2021) (cleaned up). As explained above, the City changed its policy due to improving COVID-19 metrics, and there is no evidence that the City would need to impose new employee vaccination requirements for COVID-19 to continue to fight the virus. And indeed, given the trend of governments ending COVID-related emergency measures, *see, e.g.*, *id.* at *2-*3; *Reale v. Lamont*, 20-3707-cv, 2022 U.S. App. LEXIS 1607, at *2 (2d Cir. 2022), and the improving trends of COVID cases, *see Tracking Coronavirus in New York City: Latest Map and Case Count*, N.Y. Times (updated Mar. 15, 2023), any suggestion that the City would suddenly reinstate the just-repealed requirement is speculative. *See Dark Storm Indus.*, 2021 U.S. App. LEXIS 29863, at *2. And since Marciano was never fired or placed

on leave without pay, there are no "effects" of the "alleged violation" that must be "eradicated" here. *Id.* (quotation marks omitted).

**POINT II**







22

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████.

## CONCLUSION

This Court should dismiss this appeal as moot.


Dated:   New York, NY
         March 15, 2023

                              Respectfully submitted,

                              HON. SYLVIA O. HINDS-RADIX
                              *Corporation Counsel*
                              *of the City of New York*
                              Attorney for Appellees


                     By:   *Jesse Townsend*
                           JESSE A. TOWNSEND
                           Assistant Corporation Counsel

                           100 Church Street
                           New York, NY 10007
                           212-356-2067
                           jtownsen@law.nyc.gov

RICHARD DEARING
CLAUDE S. PLATTON
JESSE A. TOWNSEND
   *of Counsel*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this memorandum of law was prepared using Microsoft Word, and according to that software, it contains 4,604 words, not including the table of contents, table of authorities, this certificate, and the cover.

_____
JESSE A. TOWNSEND

# 22-570

United States Court of Appeals
for the Second Circuit

ANTHONY MARCIANO,

*Plaintiff-Appellant,*

*against*

ERIC ADAMS, Mayor of the City of New York, in his
official Capacity; ASHWIN VASAN, Commissioner of
Health and Mental Hygiene, in his official capacity;
KEECHANT SEWELL, Police Commissioner, in her
official capacity; THE NEW YORK CITY BOARD OF
HEALTH; and THE CITY OF NEW YORK,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of New York

## DECLARATION IN SUPPORT OF
## APPELLEES' MOTION TO DISMISS THE APPEAL

JESSE A. TOWNSEND declares under penalty of perjury,

pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.     I am a Senior Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for defendants-appellees in this appeal.

2.     Attached as Exhibit A is a true and correct copy of the order regarding the City's COVID-19 vaccine requirement for city employees issued by the New York City Board of Health on February 9, 2023.

Dated:  New York, New York
        March 15, 2023

_Jesse Townsend_
JESSE A. TOWNSEND
Assistant Corporation Counsel

100 Church Street
New York, New York 10007
212-356-2067
jtownsen@law.nyc.gov

# EXHIBIT A

**ORDER OF THE BOARD OF HEALTH**
**TO AMEND THE REQUIREMENT FOR**
**COVID-19 VACCINATION FOR CITY EMPLOYEES**
**AND EMPLOYEES OF CERTAIN CITY CONTRACTORS**

**WHEREAS,** on March 25, 2020, the Commissioner of Health and Mental Hygiene ("Commissioner") declared the existence of a public health emergency within New York City to address the continuing threat posed by COVID-19 to the health and welfare of City residents, and such declaration and public health emergency continue to be in effect; and

**WHEREAS,** pursuant to Section 3.01(d) of the Health Code, when urgent public health action is necessary to protect the public health against an existing threat and a public health emergency has been declared, the Commissioner is authorized to issue orders and take actions that are deemed necessary for the health and safety of the City and its residents; and

**WHEREAS,** on October 20, 2021, the Commissioner issued an "Order to Require COVID-19 Vaccination for City Employees and Certain City Contractors" that required all City employees, except certain Department of Correction employees and certain employees of some City contractors, to provide proof to the agency or office where they work that they had been vaccinated against COVID-19, and required certain employees of some City contractors to provide the same proof to their employer (the "October 20, 2021 Order"); and

**WHEREAS,** on October 31, 2021, the Commissioner issued a "Supplemental Order to Require COVID-19 Vaccination for City Employees and Employees of Certain City Contractors," delaying until November 8, 2021, application of the October 20, 2021 Order for certain employees or contractors, and requiring additional City contractors not covered by the October 20, 2021 Order to ensure that certain of their employees, provide proof that they had been vaccinated against COVID-19 (the "October 31, 2021 Order"); and

**WHEREAS,** on November 1, 2021, the Board of Health ratified and continued  both the October 20, 2021 Order and the October 31, 2021 Order; and

**WHEREAS,** as of February 1, 2023, 331,955 City employees, representing 96% of all City employees, have completed a primary series of vaccination, and high vaccination rates correlate with lower rates of hospitalization and death; and

**WHEREAS,** as of January 26, 2023, more than 6.6 million adults residing in New York City, representing 99% of all such adults, have received at least one dose of vaccination against COVID-19, and more than 5.9 million adults residing in New York City, representing 90% of all such adults, have completed a primary series of vaccination, and high vaccination rates correlate with lower rates of hospitalization and death; and

**WHEREAS,** the high rate of vaccination among adults in New York City has proven effective in lessening the burden ofCOVID-19 on the City's healthcare system;

      **NOW THEREFORE BE IT RESOLVED**, the Board of Health hereby orders that the October 20, 2021 Order, and the October 31, 2021 Order, as ratified and continued by the Board of Health on November 1, 2021, are hereby **AMENDED** as follows:

1. Paragraph 3 of the October 20, 2021 Order is **REPEALED**, so that a City employee who does not provide the required proof of vaccination as described in paragraph 2 of that Order no longer need be excluded from the premises at which they work.

2. Paragraph 4 of the October 20, 2021 Order, and paragraph 2 of the October 31, 2021 Order, are **MODIFIED**, so that a City human services contractor or other City contractor described in those paragraphs no longer needs to require their covered employees to provide proof of vaccination against COVID-19.

Dated: February 9, 2023

# 22-570

## United States Court of Appeals
### for the Second Circuit

ANTHONY MARCIANO,

*Plaintiff-Appellant,*

*against*

ERIC ADAMS, Mayor of the City of New York, in his official Capacity; ASHWIN VASAN, Commissioner of Health and Mental Hygiene, in his official capacity; KEECHANT SEWELL, Police Commissioner, in her official capacity; THE NEW YORK CITY BOARD OF HEALTH; and THE CITY OF NEW YORK,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of New York

## DECLARATION IN SUPPORT OF
## APPELLEES' MOTION TO DISMISS THE APPEAL

MARCUS B. McCOY declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:



Dated: New York, New York
March __, 2023

MARCUS B. MCCOY